UNITED STATES DISTRICT COURT
DISTRICT COURT OF CONNECTICUT

------------------------------------------------------------------- X
MERSY SISA, on behalf of herself and all others
similarly situated,

                              Plaintiff,                        Civ. Action No.:

-against-

                                                    October 4, 2016

FOUR LEAVES NAILS & SPA, INC. d/b/a/ FOUR
LEAVES NAILS & SPA, and ANDY "DOE",

                              Defendants.
------------------------------------------------------------------- X

## COLLECTIVE ACTION COMPLAINT

Plaintiff Mersy Sisa ("Sisa" or "plaintiff"), on behalf of herself and all others similarly situated, by her attorneys Pechman Law Group PLLC, and Madsen, Prestley & Parenteau LLC, complaining of defendants Four Leaves Nails & Spa, Inc. d/b/a Four Leaves Nails & Spa ("Four Leaves") and Andy "Doe" (collectively, "defendants" or "Four Leaves") alleges:

### I.    NATURE OF THE ACTION

1. This action is brought to recover unpaid minimum and overtime wages, unlawful deductions & other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Connecticut Minimum Wage Act Conn. Gen. Stat. § 31-58 *et seq.* ("CMWA").

2. Four Leaves is a nail salon and spa located at 1124 East Main Street, Stamford, Connecticut 06902.

3. Plaintiff is a former nail technician at Four Leaves.

4. Plaintiff was consistently required by Four Leaves to work in excess of forty hours per week and was paid a set daily rate of pay that failed to satisfy the minimum wage and overtime requirements of the FLSA and CMWA.

5. Plaintiff was paid the same amount each day, regardless of the number of hours she actually worked.

6. As a result, plaintiff was denied minimum wages, as well as overtime compensation for the hours she worked in excess of forty per workweek.

7. Plaintiff alleges, on behalf or herself individually and all other similarly situated current and former non-exempt employees of defendants who elect to opt into this action, that she is entitled to: (i) compensation for unpaid minimum wages, unpaid overtime pay and unlawful deductions; and (ii) liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and the CMWA.

## II. JURISDICTION

8. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiffs' claims under the CMWA pursuant to 28 U.S.C. § 1367.

## III. VENUE

9. Venue is proper in the District of Connecticut under 28 U.S.C. § 1391, as Four Leaves is located within the State of Connecticut, and is subject to this Court's personal jurisdiction.

## IV. THE PARTIES

**Plaintiff**

10. Plaintiff resides in Queens, New York.

11. Defendants employed Sisa from approximately June 2011 through July 2016.

**Defendants**

12. Defendant Four Leaves Nails & Spa Inc. owns and operates Four Leaves.

13. Four Leaves Nails & Spa Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

14. Four Leaves Nails & Spa Inc. has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

15. Four Leaves Nails & Spa Inc. has an annual gross volume of sales projected to be in excess of $500,000.

16. Defendant Andy "Doe" is an owner and manager of Four Leaves.

17. Andy "Doe" exercises sufficient control over Four Leaves' operations to be considered plaintiff's employer under the FLSA and CMWA.

18. At all relevant times, Andy "Doe" has had power over personnel decisions at Four Leaves, including the power to discipline employees, hire and fire employees, set employee wages, set employee schedules, and otherwise control the terms and conditions of employment at Four Leaves. For example, Andy "Doe" set

plaintiff's rate of pay, scheduled her hours, supervised her work, restricted her lunch breaks and terminated her employment.

## V. COLLECTIVE ACTION ALLEGATIONS

19. The claims in this Complaint arising out of the FLSA are brought by plaintiff on behalf of herself and all other similarly situated non-exempt employees (*i.e.* nail technicians and employees holding other job titles whose work duties are substantially similar to that of nail technicians) who work or have worked at Four Leaves Nails & Spa during the statutory period and elect to opt-in to this action (the "FLSA Collective").

20. The FLSA Collective consists of approximately fifteen similarly situated current and former employees of Four Leaves, who, over the last three years have been victims of defendants' common policy and practices that have violated the employees' rights under the FLSA by, *inter alia*, willfully denying them wages due under the FLSA.

21. As part of their regular business practices, defendants have intentionally, willfully, and repeatedly harmed plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA. Defendants apply the same employment policies, practices, and procedures to all non-exempt employees. This policy and pattern or practice includes, *inter alia*, the following:

> a. failing to pay plaintiff and the FLSA Collective the minimum wage for all hours worked;
>
> b. failing to pay plaintiff and the FLSA Collective, overtime wages for all hours worked in excess of forty per week, and;
>
> c. failing to reimburse plaintiff and the FLSA Collective for the cost of purchasing required uniform items, including gloves and masks.

4

22. Defendants have engaged in this unlawful conduct pursuant to a policy, plan, or practice of minimizing labor costs and denying employees compensation by knowingly violating the FLSA.

23. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to plaintiff and the FLSA Collective.

24. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendants, are readily identifiable by defendants, and are locatable through defendants' records. These similarly situated employees should be notified of and allowed to opt in to this action, pursuant to 29 U.S.C. § 216(b).

## VI.     FAILURE TO PAY THE STATUTORY MINIMUM WAGE

25. The FLSA and CMWA require that employers pay all non-exempt employees a statutory minimum wage.

26. From January 1, 2010 to December 31, 2013, the Connecticut minimum wage was $8.25 per hour. From January 1, 2014 to December 31, 2014, the Connecticut minimum wage was $8.70 per hour. From January 1, 2015 to December 31, 2015, the Connecticut minimum wage was $9.15 per hour. From January 1, 2016 to the present, the Connecticut minimum wage has been $9.60 per hour.

27. Plaintiff and the FLSA Collective have been paid between $45 and $65 per day for all hours worked, which results in an hourly rate well below the statutory minimum wage.

28. Defendants deprived the FLSA Collective of their statutory minimum wages under the FLSA and the CMWA.

## VII. FAILURE TO PAY OVERTIME PAY

29. The FLSA and the CMWA require that employers pay all non-exempt employees one and one half (1½) times their regular rate for all hours worked in excess of forty during any workweek.

30. Plaintiff and the FLSA Collective are all non-exempt employees.

31. Plaintiff and the FLSA Collective regularly work over forty hours in a week but do not receive any additional pay for the weekly hours worked over forty.

32. Defendants have failed to pay overtime wages to plaintiff and the FLSA Collective, as required by the FLSA and the CMWA.

## VIII. UNLAWFUL DEDUCTIONS

33. The CMWA prohibits employers from making deductions from employee wages, except for those permitted by law.

34. Defendants required plaintiff and the FLSA Collective to use specific equipment while working for defendants.

35. Specifically, they were required to purchase gloves and masks for use while painting customers' nails.

36. The gloves worn by nail technicians cost approximately seventeen dollars per pack and the masks worn by the nail technicians cost approximately twelve dollars per pack.

37. Defendants did not reimburse plaintiff or the FLSA Collective for the payments and expenses of purchasing gloves and masks, nor did defendants take those expenses into account in determining whether the nail technicians earned the minimum wage.

38. Requiring plaintiff and the FLSA Collective to purchase their own gloves and masks resulted in deductions from their wages, causing them to earn less than the minimum wage.

### IX. PLAINTIFF'S FACTUAL ALLEGATIONS

39. Throughout her employment, defendants did not pay Sisa the statutory minimum wage or overtime compensation.

40. Sisa worked primarily doing manicures and pedicures at Four Leaves.

41. From approximately June 2011 through approximately January 2015, Sisa regularly received pay at set rate of $45 per day, regardless of the number of hours she actually worked.

42. From in or around February 2015 through her termination in July 2016, Sisa received pay at a set rate of $65 per day, regardless of the number of hours she actually worked.

7

43. Throughout her employment, Sisa regularly worked approximately fifty (50) to fifty-two and one-half (52 ½) hours per week: Mondays, Tuesdays, Thursdays, Fridays and Saturdays from approximately 9:30 a.m. to 7:30 p.m. or 8:00 p.m.

44. Sisa was not permitted to take a break of longer than 20 minutes during the workday, and was not allowed to leave the nail salon for any reason during the workday.

45. Sisa's weekly cash payment from defendants was placed in an envelope bearing her name and a handwritten tally of the number of days she worked that week. This number was multiplied by her daily rate of pay to equal her total pay for that week.

46. Defendants paid Sisa less than the statutorily required minimum wage per hour that she worked.

47. Defendants did not pay Sisa overtime compensation, as required by the FLSA and the CMWA, for any hours she worked in excess of forty per workweek.

## FIRST CLAIM
### Fair Labor Standards Act – Unpaid Minimum Wage

48. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

49. The FLSA requires that employers pay employees a minimum wage for all hours worked weekly up to forty.

50. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed plaintiff and the FLSA Collective.

51. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.* and the supporting federal regulations, apply to defendants.

52. Defendants failed to pay plaintiff and the FLSA Collective the minimum wages to which they were entitled under the FLSA.

53. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff and the FLSA Collective.

54. As a result of defendants' willful violations of the FLSA, plaintiff and the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### Connecticut Minimum Wage Act – Unpaid Minimum Wage

55. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

56. The CMWA requires that employers pay employees a minimum wage for all hours worked weekly up to forty.

57. Defendants failed to pay plaintiff the minimum wages to which she was entitled to under the CMWA.

58. Defendants have willfully violated the CMWA by knowingly and intentionally failing to pay plaintiff the minimum hourly wage.

59. Defendants willfully failed to pay plaintiff at least the minimum hourly wage for all hours worked.

60. As a result of defendants' violations of the CMWA, plaintiff is entitled to recover her unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

## THIRD CLAIM
### Fair Labor Standards Act – Unpaid Overtime

61. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

62. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay plaintiff and the FLSA Collective overtime wages for all of the hours they worked in excess of forty in a workweek.

63. Defendants have not made a good faith effort to comply with the FLSA with respect to plaintiff's and the FLSA Collective's compensation.

64. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff and the FLSA Collective.

65. Due to defendants' violations of the FLSA, plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## FOURTH CLAIM
### Connecticut Minimum Wage Act – Unpaid Overtime

66. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

67. Under the CMWA and supporting Connecticut State Department of Labor Regulations, defendants were required to pay plaintiff one and one (1½) half times the regular rate of pay for all hours worked in excess of forty.

68. Defendants have failed to pay plaintiff the overtime wages to which she is entitled to under the CMWA.

69. Defendants have willfully violated the CMWA by knowingly and intentionally failing to pay plaintiff overtime wages.

70. Due to defendants' willful violations of the CMWA, plaintiff is entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff, individually and on behalf of the FLSA Collective, respectfully requests that this Court enter a judgment:

    a. authorizing the issuance of notice at the earliest possible time to all non-exempt employees who are presently working at, or who have worked at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, at Four Leaves Nails & Spa. Such notice shall inform them that this civil action has been filed, of the

nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

    b.  declaring that defendants have violated the minimum and overtime wage provisions of the FLSA, the Connecticut Labor Law, and supporting Connecticut Department of Labor Regulations;

    c.  declaring that defendants' violations of the FLSA and CMWA were willful;

    d.  awarding plaintiff and the FLSA Collective damages for unpaid minimum wages;

    e.  awarding plaintiff and the FLSA Collective damages for unpaid overtime wages;

    f.  awarding plaintiff and the FLSA Collective damages for unauthorized deductions;

    g.  awarding plaintiff and the FLSA Collective liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and to the CMWA;

    h.  awarding plaintiff and the FLSA Collective pre- and post-judgment interest under the FLSA and the CMWA;

    i.  awarding plaintiff and the FLSA Collective reasonable attorneys' fees and costs pursuant to the FLSA and the CMWA; and

    j.  awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
      October 4, 2016

By: _____
William G. Madsen (ct 09853)
Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford, CT 06103
(860) 246-2466
wmadsen@mppjustice.com

- and -

By: _____
Louis Pechman*
Laura Rodriguez*
Pechman Law Group
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
rodriguez@pechmanlaw.com
*Motion to Appear *Pro Hac Vice* Pending
*Attorneys for Plaintiff*