```
                    UNITED STATES DISTRICT COURT
                    DISTRICT COURT OF CONNECTICUT
---------------------------------------------------------------- X
MERSY SISA,                                   :
                                              :
                      Plaintiff,              :
                                              :    16-cv-1662 (RNC) (DFM)
         -against-                            :
                                              :
FOUR LEAVES NAILS & SPA, INC. d/b/a/ FOUR     :    August 29, 2017
LEAVES NAILS & SPA, and XIN XU GUO,           :
                                              :
                      Defendants.             :
---------------------------------------------------------------- X
```

## FIRST AMENDED COMPLAINT

Plaintiff Mersy Sisa ("Sisa" or "plaintiff"), by her attorneys Pechman Law Group PLLC, and Madsen, Prestley & Parenteau LLC, complaining of defendants Four Leaves Nails & Spa, Inc. d/b/a Four Leaves Nails & Spa ("Four Leaves") and Xin Xu Guo ("Guo") (collectively, "defendants" or "Four Leaves") alleges:

### I.   NATURE OF THE ACTION

1. This action is brought to recover unpaid minimum and overtime wages, unlawful deductions and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Connecticut Minimum Wage Act Conn. Gen. Stat. § 31-58 *et seq.* ("CMWA").

2. Four Leaves is a nail salon and spa located at 1124 East Main Street, Stamford, Connecticut 06902.

3. Plaintiff is a former nail technician at Four Leaves.

4. Plaintiff was consistently required by Four Leaves to work in excess of forty hours per week and was paid a set daily rate of pay that failed to satisfy the minimum wage and overtime requirements of the FLSA and CMWA.

5. Plaintiff was paid the same amount each day, regardless of the number of hours she actually worked.

6. As a result, plaintiff was denied minimum wages, as well as overtime compensation for the hours she worked in excess of forty per workweek.

7. Plaintiff alleges that she is entitled to: (i) compensation for unpaid minimum wages, unpaid overtime pay and unlawful deductions; and (ii) liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and the CMWA.

## II. JURISDICTION

8. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiffs' claims under the CMWA pursuant to 28 U.S.C. § 1367.

## III. VENUE

9. Venue is proper in the District of Connecticut under 28 U.S.C. § 1391, as Four Leaves is located within the State of Connecticut, and is subject to this Court's personal jurisdiction.

## IV. THE PARTIES

**Plaintiff**

10. Plaintiff resides in Queens, New York.

11. Defendants employed Sisa from approximately June 2011 through July 2016.

**Defendants**

12. Defendant Four Leaves Nails & Spa Inc. owns and operates Four Leaves.

13. Four Leaves Nails & Spa Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

14. Four Leaves Nails & Spa Inc. has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

15. Four Leaves Nails & Spa Inc. has an annual gross volume of sales projected to be in excess of $500,000.

16. Defendant Xin Xu Guo ("Guo") is an owner and manager of Four Leaves.

17. Xin Xu Guo's alias is "Andy." Employees working at Four Leaves, as well as customers, know him by this name.

18. Guo exercises sufficient control over Four Leaves' operations to be considered plaintiff's employer under the FLSA and CMWA.

19. At all relevant times, Guo has had power over personnel decisions at Four Leaves, including the power to discipline employees, hire and fire employees, set employee wages, set employee schedules, and otherwise control the terms and conditions of employment at Four Leaves. For example, Guo set plaintiff's rate of pay, scheduled her hours, supervised her work, restricted her lunch breaks and terminated her employment.

## IX.     PLAINTIFF'S FACTUAL ALLEGATIONS

20.     Throughout her employment, Defendants did not pay Sisa the statutory minimum wage or overtime compensation.

21.     Sisa worked primarily doing manicures and pedicures at Four Leaves.

22.     When Sisa begain working for Defendants she was paid a set rate of $45 per day, regardless of the number of hours she actually worked.

23.     Sisa received a raise of $5.00 approximately every year and was receiving a set day rate of $65.00 per day at the time of her termination in July 2016.

24.     Throughout her employment, Sisa regularly worked approximately fifty (50) to fifty-two and one-half (52 ½) hours per week: Mondays, Tuesdays, Thursdays, Fridays and Saturdays from approximately 9:30 a.m. to 7:30 p.m. or 8:00 p.m.

25.     Sisa was not permitted to take a break of longer than 20 minutes during the workday, and was not allowed to leave the nail salon for any reason during the workday.

26.     Sisa's weekly cash payment from Defendants was placed in an envelope bearing her name and a handwritten tally of the number of days she worked that week. This number was multiplied by her daily rate of pay to equal her total pay for that week.

27.     Defendants paid Sisa less than the statutorily required minimum wage per hour that she worked.

28.     Defendants did not pay Sisa overtime compensation, as required by the FLSA and the CMWA, for any hours she worked in excess of forty per workweek.

29. Defendants required Plaintiff to use specific equipment while working.

30. Specifically, she was required to purchase gloves and masks for use while painting customers' nails.

31. The gloves worn by nail technicians cost approximately seventeen dollars per pack and the masks worn by the nail technicians cost approximately twelve dollars per pack.

32. Defendants did not reimburse plaintiff for the payments and expenses of purchasing gloves and masks, nor did defendants take those expenses into account in determining whether plaintiff earned the minimum wage.

33. Requiring plaintiff to purchase her own gloves and masks resulted in deductions from her wages in violation of the CMWA, causing her wages to fall even further below the minimum wage.

## FIRST CLAIM
### Fair Labor Standards Act – Unpaid Minimum Wage

34. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

35. The FLSA requires that employers pay employees a minimum wage for all hours worked weekly up to forty.

36. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed plaintiff.

37. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.* and the supporting federal regulations, apply to defendants.

38. Defendants failed to pay plaintiff the minimum wages to which she was entitled under the FLSA.

39. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

40. As a result of defendants' willful violations of the FLSA, plaintiff suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
**Connecticut Minimum Wage Act – Unpaid Minimum Wage**

41. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

42. The CMWA requires that employers pay employees a minimum wage for all hours worked weekly up to forty.

43. Defendants failed to pay plaintiff the minimum wages to which she was entitled to under the CMWA.

44. Defendants have willfully violated the CMWA by knowingly and intentionally failing to pay plaintiff the minimum hourly wage.

45. Defendants willfully failed to pay plaintiff at least the minimum hourly wage for all hours worked.

46. As a result of defendants' violations of the CMWA, plaintiff is entitled to recover her unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

### THIRD CLAIM
### Fair Labor Standards Act – Unpaid Overtime

47. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

48. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay plaintiff overtime wages for all of the hours they worked in excess of forty in a workweek.

49. Defendants have not made a good faith effort to comply with the FLSA with respect to plaintiff's compensation.

50. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

51. Due to defendants' violations of the FLSA, plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

### FOURTH CLAIM
### Connecticut Minimum Wage Act – Unpaid Overtime

52. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

53. Under the CMWA and supporting Connecticut State Department of Labor Regulations, defendants were required to pay plaintiff one and one (1½) half times the regular rate of pay for all hours worked in excess of forty.

54. Defendants have failed to pay plaintiff the overtime wages to which she is entitled to under the CMWA.

55. Defendants have willfully violated the CMWA by knowingly and intentionally failing to pay plaintiff overtime wages.

56. Due to defendants' willful violations of the CMWA, plaintiff is entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

a. declaring that defendants have violated the minimum and overtime wage provisions of the FLSA and the CMWA and supporting Connecticut Department of Labor Regulations;

b. declaring that defendants' violations of the FLSA and CMWA were willful;

c. awarding plaintiff damages for unpaid minimum wages;

d. awarding plaintiff damages for unpaid overtime wages;

e. awarding plaintiff damages for unauthorized deductions;

f. granting judgment in favor of plaintiff for compensatory damages due to defendants' unjust enrichment;

8

  g.  awarding plaintiff liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and to the CMWA;

  h.  awarding plaintiff pre- and post-judgment interest under the FLSA and the CMWA;

  i.  awarding plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the CMWA; and

  j.  awarding such other and further relief as the Court deems just and proper.

    By: *s/ William Madsen*
      William G. Madsen (ct 09853)
      Madsen, Prestley & Parenteau, LLC
      402 Asylum Street
      Hartford, CT 06103
      (860) 246-2466
      wmadsen@mppjustice.com

      - and -

      Louis Pechman (phv07840)
      Laura Rodriguez (phv07841)
      Pechman Law Group PLLC
      488 Madison Avenue - 11th Floor
      New York, New York 10022
      (212) 583-9500
      pechman@pechmanlaw.com
      rodriguez@pechmanlaw.com
      *Attorneys for Plaintiff*

**CERTIFICATION OF SERVICE**

      I hereby certify that on the 29th day of August, 2017 a copy of foregoing Amended Complaint, was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

      *s/William Madsen*
      William G. Madsen