UNITED STATES DISTRICT COURT
DISTRICT COURT OF CONNECTICUT

------------------------------------------------------------------ X

| | |
|---|---|
| MERSY SISA, | : |
| | : |
| Plaintiff, | : |
| | :    **16-cv-1662  (DFM)** |
| -against- | : |
| | : |
| FOUR LEAVES NAILS & SPA, INC. d/b/a/ FOUR | :    **February 14, 2018** |
| LEAVES NAILS & SPA, and XIN XU GUO, | : |
| | : |
| Defendants. | : |

------------------------------------------------------------------ X

## I.    INTRODUCTION

Plaintiff, Mersy Sisa, and the Defendants in the above captioned matter jointly move for an order granting approval of the Parties' settlement agreement and release of claims under the Fair Labor Standards Act and the Connecticut Minimum Wage Act ("Settlement Agreement"). The Settlement Agreement is attached herewith as Exhibit A.  Under the terms of the settlement, final payments are to be made no later than March 31, 2018.

The terms of the Settlement Agreement for Plaintiff's claims were agreed to after sufficient formal and informal discovery, a Settlement Conference before Judge Robert A. Richardson, and follow up settlement discussions between the parties.  Therefore, the parties hereby request an Order approving the Settlement Agreement between the parties as the settlement is fair, reasonable, adequate, and in the best interests of the parties.  The parties further request that, as part of an anticipated Order of Dismissal, that this Court incorporate the terms of the settlement agreement in its order and expressly retain jurisdiction over the settlement agreement.  *See Hendrickson v. United States,* 791 F.3d 354, 358 (2d Cir.2015).

II.     DESCRIPTION OF THE LAWSUIT AND PROCEDURAL BACKGROUND

Plaintiff filed this action against Defendants alleging claims for unpaid overtime and minimum wage compensation under the Fair Labor Standards Act ("FLSA") and the Connecticut Minimum Wage Act ('CMWA").  Although initially brought as a collective action, Plaintiff filed an Amended Complaint on August 19, 2017 which dropped the collective action allegations and thereafter proceeded on an individual basis.  Defendants have defended principally on the grounds that Ms. Sisa was properly compensated for all hours worked.  Defendants further allege, in their September 19, 2017 Motion for Summary Judgment (doc. 58), that this Court lacks subject matter jurisdiction over this case because the Defendant Four Leaves Nails and Spa, Inc. did not meet the threshold annual gross volume of sales than $500,000 and was therefore not subject to the provisions of the FLSA.  *See* 29 U.S.C. §203(s)(1)(A)(ii).

III.    SUMMARY OF JOINT SETTLEMENT AGREEMENT

The terms of the Settlement Agreement for Plaintiff's claims were agreed to after an initial Settlement Conference before the Hon. Robert A. Richardson on June 29, 2017, and extensive follow-up discussions between the parties.   The terms were negotiated by sophisticated and experienced counsel who fully recognized the risks of litigation and the benefits of settling this case.  The parties' counsel represent that they have conducted a thorough investigation into the facts of this case, including, but not limited to, the following: (i) reviewing relevant documents including, but not limited to, Plaintiff's time and payroll records; (ii) conducting formal and informal discovery (including depositions of Defendant Xin Xu Guo and Plaintiff), and (iii) conducting a thorough liability and damages analysis.

In connection with her FLSA and CMWA claims, Plaintiff alleges she is owed approximately $42,625.79 in unpaid minimum wages and overtime compensation (not including liquidated damages and interest). Defendants deny that Plaintiff is entitled to any damages and assert that Defendants fully compensated Plaintiff for all hours worked.

Based on their own independent investigation and evaluation, the parties are of the opinion that the Settlement Agreement is fair, reasonable and adequate, and in the best interest of the parties in light of all known facts and circumstances. The Plaintiff and representatives of Defendants were directly involved in negotiating the terms of the Settlement Agreement and fully endorse the approval of this agreement by this Court as fair, reasonable and adequate.

The Settlement Agreement contemplates a total settlement amount of Plaintiff's claims for twenty thousand dollars ($20,000.00) to be paid as follows: (a) Ten Thousand, Seven Hundred Thirteen Dollars and Ten Cents ($10,713.10) to Plaintiff; and (b) Nine Thousand Two Hundred and Eighty-Six dollars and Ninety Cents ($9,286.90) payable to Plaintiff's counsel in payment of attorneys' fees and reimbursement of costs. Payments are scheduled to be made in installments, with the final installment made on March 31, 2018. *See* Ex. A. Accordingly, the Parties specifically request that this Court retain jurisdiction over the settlement of this matter.

IV.    LAW/ARGUMENT

Plaintiff requests that the Court approve the settlement of the FLSA claims, which is necessary for there to be a valid and enforceable release. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).

"An FLSA settlement is examined with less scrutiny than a class action settlement; the court simply asks whether the settlement reflects a fair and reasonable compromise of disputed issues that was reached a result of contested litigation." *Mills v. Capital One*, 14 Civ. 1937, 2015

U.S. Dist. LEXIS 133530, at *11, (S.D.N.Y. Sept. 30, 2015) (Pitman, M.J.) "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Id.* The adversarial nature of an FLSA action is typically a sufficient indication of a settlement's fairness. *Id.* "If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* (internal quotation marks omitted). *See also Bozak v. FedEx Ground Package Sys.*, 2014 U.S. Dist. LEXIS 106042, at *8 (D. Conn. July 31, 2014) (approving FLSA settlement reached after negotiations concerning "the uncertain legal and factual issues involved.").

Applying this law to the present case, to ensure the settlement agreement and respective release between the parties in connection with Plaintiff's overtime claim under the FLSA will be binding on the parties, this Court must approve the settlement. The parties believe the settlement is fair, reasonable and adequate. There are significant factual disagreements in regards to the number of hours that Plaintiff worked. Plaintiff alleges that she is owed approximately $42,625.79 in unpaid wages and commissions; however, there are no time records and Defendants' witnesses claim that Plaintiff worked significantly fewer hours than she asserts. Defendants further claim that Plaintiff was paid above the minimum wage and received daily commission payments. These factual disputes were taken into account by the parties in their negotiations. Additionally, there are concerns about collectability of a potential award in this case (*see* D's 56(a)(1) Statement and supporting exhibits, doc. 58-1 through 58-15), a factor which "militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (explaining that "[c]ase law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable."); *see also Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y.

Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount"); *Cortes v. New Creators, Inc.*, No. 15 Civ. 5680 (PAE), 2016 U.S. Dist. LEXIS 79757, at *10 (S.D.N.Y. June 20, 2016) ("In light of defendants' precarious financial condition . . . there is a substantial risk that any judgment plaintiff[] might obtain at trial would prove uncollectable."). Ultimately, Defendants made what it described as its final best offer and Plaintiff decided to accept the offer.

Furthermore, Plaintiff's counsel is adequately compensated for their time based on a one-third contingency fee, which is substantially less than the lodestar fees generated in this case. Specifically, the fees payable under the settlement is $9,286.90, which is substantially less than the approximately $80,000 in attorneys' fees measured on a lodestar basis. Nevertheless, a one third contingency fee in an FLSA settlement is typically approved by courts. *See Bozak v. FedEx Ground Package Sys., Inc.*, No. 3:11-CV-00738-RNC, 2014 WL 3778211, at *6 (D. Conn. July 31, 2014) (approving attorney's fees of one-third in wage and hour Settlement Agreement as "[a]dequate compensation for attorneys who protect wage and hour rights furthers the remedial purposes of the FLSA."); *Marquez v. Roberto's Rest. Corp.*, No. 16 Civ. 2304 (HBP), 2017 WL 5468760, at *3 (S.D.N.Y. November 13, 2017) ("Contingency fees of one-third in FLSA cases are routinely approved in this Circuit.").

The parties do not agree that Defendants' actions violated the FLSA or Connecticut law. In such cases, where establishing liability is "no sure thing" for plaintiffs, the risks of proceeding with litigation weigh heavily in favor of settlement. *See, e.g., Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 118-19 (2d Cir.2005). As the parties believe the settlement is fair,

reasonable and adequate and in the best interest of the parties in light of all known facts and circumstances, the parties are seeking an Order from this Court to approve the settlement and respective release between the Parties.

V. CONCLUSION

After extensive non-collusive negotiation by experienced counsel, the parties have reached an agreement to settle the *bona fide* disputes between them regarding Defendants' compliance with the mandates of the FLSA and the CMWA.  The settlement as negotiated is fair and reasonable under the circumstances.  Accordingly, the parties respectfully request that the Court grant approval of the settlement set forth in the Settlement Agreement, incorporate the terms of the settlement in its Order of Dismissal, and retain jurisdiction over the settlement agreement.    *Hendrickson v. United States,* 791 F.3d 354, 358 (2d Cir.2015).

Respectfully submitted,

By: */s/ William G. Madsen*
William G. Madsen (ct 09853)
Magdalena B. Wiktor (ct 28647)
MADSEN, PRESTLEY & PARENTEAU, LLC
402 Asylum Street
Hartford, CT 06103
(860) 246-2466
wmadsen@mppjustice.com
mwiktor@mppjustice.com

*and*

Louis Pechman (phv 07840)
Laura Rodriguez (phv 07841)
PECHMAN LAW GROUP PLLC
488 Madison Avenue - 17th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
rodriguez@pechmanlaw.com

*Counsel for Plaintiffs*

*and*

By: /s/ *Jian Hang*
Jian Hang
HANG & ASSOCIATES, PLLC
136-18 39th Avenue, Suite 1003
Flushing, New York 11354
(718)353-8588
jhang@hanglaw.com
*Counsel for Defendants*

**<u>CERTIFICATION OF SERVICE</u>**

I hereby certify that on this date a copy of foregoing, was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

<u>*/s/ William G. Madsen*                            </u>
William G. Madsen