# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------X
MERSY SISA,

       Plaintiff,

  -against-           16 Civ. 1662 (DFM)

FOUR LEAVES NAILS & SPA, INC. d/b/a FOUR
LEAVES NAILS & SPA and XIN XU GUO,

       Defendants.
------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Mersy Sisa ("Plaintiff") and Four Leaves Nails & Spa, Inc. d/b/a Four Leaves Nails and Spa ("Four Leaves"), and Xin Xu Guo (collectively, "Defendants"). Plaintiff and Defendants are collectively referred to in this Agreement as the "Parties."

**WHEREAS**, on October 4, 2016, Plaintiff, through her counsel, Pechman Law Group PLLC and Madsen, Prestley & Parenteau LLC, commenced an action against Defendants by filing a complaint (the "Complaint") in the United States District Court, District of Connecticut (the "Court"), Docket No. 16–cv–1662 (the "Action"), alleging, *inter alia*, that she worked for Defendants as a nail technician and that Defendants failed to pay her minimum and overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58 *et seq.* ("CMWA") throughout her employment;

**WHEREAS**, on November 18, 2016, Defendants filed their Answer, Affirmative Defenses, and Counterclaims (the "Answer and Counterclaims");

**WHEREAS**, on August 19, 2017, Plaintiff filed an Amended Complaint (the "Amended Complaint") in which she dropped her collective action allegations and proceeded with individual allegations of minimum wage and overtime violations under the FLSA and the CMWA by Defendants as against Plaintiffs;

**WHEREAS**, on September 13, 2017, Defendants filed their Answer, Affirmative Defenses, and Counterclaims to the First Amended Complaint (the "Amended Answer and Counterclaims");

**WHEREAS**, Plaintiff claims that, upon the facts alleged in the Complaint and Amended Complaint, she is entitled to recover from Defendants unpaid minimum and overtime wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs (collectively, the "Claims") pursuant to the FLSA and the CMWA;

WHEREAS, Defendants deny all material allegations asserted by Plaintiff in her Complaint and First Amended Complaint, deny that Plaintiff is entitled to recover damages for any Claim asserted in the Complaint and Amended Complaint, and have denied and continue to deny that they have violated any law, rule, or regulation, or committed any wrong whatsoever, against Plaintiff, and argue that they paid Plaintiff all wages due;

WHEREAS, Plaintiff denies all material allegations asserted by Defendants in their Answer and Counterclaims and Amended Answer and Counterclaims;

WHEREAS, the Parties have exchanged information related to the Claims and Counterclaims in this Action, such as payroll and tax records, such that they have adequate information to assess the appropriateness of this Agreement;

WHEREAS the Parties desire to resolve and settle the Action and the Claims and Counterclaims in an amicable manner without the expense of further litigation;

NOW, THEREFORE, with the intent to be legally bound hereby, and in consideration of the mutual covenants and promises contained in this Agreement and for other good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows, subject to Court approval pursuant to applicable provisions of federal, state, and/or local law:

1. **Settlement Amount and Other Consideration**

   a. In full and final settlement of the Action, and in consideration for the release contained in Paragraph 2 of this Agreement, Defendants, jointly and severally, shall make a total payment of Twenty Thousand Dollars and Zero Cents ($20,000.00) (the "Settlement Amount"), according to the following payment terms:

   i. A total aggregate payment of Ten Thousand Seven-Hundred Thirteen Dollars and Eight Cents ($10,713.10) by checks payable to "Mersy Sisa" as set forth in this Paragraph 1, which shall represent back wages and liquidated damages;

   ii. A total aggregate payment of Five Thousand Seven-Hundred Fifty-Four Dollars and Seventeen Cents ($5,754.15) by checks payable to "Pechman Law Group PLLC" as set forth in this Paragraph 1, which shall represent attorneys' fees and costs;

   iii. A total aggregate payment of Three Thousand Five-Hundred Thirty-Two Dollars and Seventy-Five Cents ($3,532.75) by checks payable to "Madsen, Prestley & Parenteau LLC" as set forth in this Paragraph 1, which shall represent attorneys' fees and costs;

   b. For purposes of tax withholding, 50% of each payment to Plaintiff set forth in Section 1(c) below shall be deemed wage income subject to IRS Tax Form W-4 and 50% of each payment to Plaintiff set forth in Section 1(c) below shall be deemed non-wage income in the form of alleged liquidated damages and interests subject to IRS Tax Form W-9. Defendants shall deduct all appropriate and necessary taxes from the aforementioned wage payments and shall pay the applicable employer's portion of the

taxes due. Plaintiff shall be responsible for her share of all taxes, interest or penalties, if any, due as a result of payments made to her under this Agreement. Defendants shall provide Plaintiff with all appropriate tax withholding statements, such as W-2 and 1099 tax forms, as required by law. Defendants shall make all payments to Plaintiff's counsel, Pechman Law Group PLLC ("PLG") and Madsen, Prestley & Parenteau LLC ("MPP"), without deductions or withholdings, subject to IRS Tax Form W-9.

    c.    Payments due under this Agreement shall be made so that they are received by Plaintiff's counsel, PLG and MPP, by the following dates in the following amounts:

| Payment Due Date | Total Amount Due | Amounts Payable to Plaintiff & Counsel |
|---|---|---|
| January 31, 2018 | $6,500.00 | • Mersy Sisa, W-9: $1,740.88<br>• Mersy Sisa, W-4: $1,740.88<br>• Pechman Law Group PLLC: $1,870.10<br>• Madsen, Prestley & Parenteau LLC: $1,148.14 |
| February 28, 2018 | $6,500.00 | • Mersy Sisa, W-9: $1,740.88<br>• Mersy Sisa, W-4: $1,740.88<br>• Pechman Law Group PLLC: $1,870.10<br>• Madsen, Prestley & Parenteau LLC: $1,148.14 |
| March 31, 2018 | $7,000.00 | • Mersy Sisa, W-9: $1,874.79<br>• Mersy Sisa, W-4: $1,874.79<br>• Pechman Law Group PLLC: $2,013.95<br>• Madsen, Prestley & Parenteau LLC: $1,236.47 |

    d.    Checks due to Plaintiff and PLG as specified above shall be delivered to PLG at the address for PLG specified in Paragraph 13 below. Checks due to MPP shall be delivered separately to the address for MPP specified in Paragraph 13 below.

    e.    If Defendants fail to make timely any of the installment payments set forth above, or if any payment check fails to clear (*i.e.*, bounces) for any reason, Plaintiff's attorneys shall provide a notice to cure to the Defendants' counsel by e-mail or facsimile consistent with Paragraph 13 below. Defendants shall cure the default within seven (7) calendar days from and including the date on which the notice was sent (the "Cure Period"). Defendants agree that if they fail to cure the default within the Cure Period, all outstanding and unpaid installment payments under this Agreement shall become due immediately at the end of the Cure Period plus a penalty of Ten Thousand Dollars and

Zero Cents ($10,000.00). Furthermore, Plaintiff shall also be entitled to recover reasonable attorneys' fees and costs incurred in any action to enforce the terms of the Agreement.

Defendant Xin Xu Duo, both on behalf of himself and on behalf of Four Leaves, shall execute the Confessions of Judgment, annexed to this Agreement as Exhibit B, entitling Plaintiff to recover from Defendants jointly and severally: (i) all outstanding unpaid amount(s) of the Settlement Amount; (ii) liquidated damages in the amount of $10,000.00; (iii) interest at the rate of 10% accruing from the date in which the Cure Period expired pursuant to Conn. Gen. Stat. § 31-72, as set forth in Paragraph 1(e) above; and (iv) reasonable attorneys' fees and costs incurred in any action or proceeding to enforce the payment terms of the Agreement. Defendants shall deliver to PLG the executed and notarized original Confessions of Judgment contemporaneously with Defendants' execution of this Agreement. PLG shall hold the Confessions of Judgment in escrow and will only file them if Defendants fail to comply with the payment of any part of the Settlement Amount and fail to cure such default within the Cure Period, as set forth in Paragraph 1(e) above. Upon receipt of all payments set forth above, totaling the full Settlement Amount, PLG shall destroy the Confessions of Judgment.

## 2. Mutual General Release of All Claims

a. In consideration of the promises and actions of Defendants set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except for the Defendants' obligations under this Agreement, Plaintiff hereby waives, releases, satisfies, and discharges, on her own behalf and on behalf of anyone who could claim by and through her, Defendants, including their officers, directors, shareholders, members, agents, attorneys, insurers, representatives, successors, and assigns, of and from any and all claims for damages, salaries, wages, compensation, spread-of-hours pay, statutory damages, unlawful deductions, withheld tips, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated, statutory, and other damages, interest, attorneys' fees, and costs, for the Claims and any other claim brought, or that could have been brought, relating to or arising from his work performed for Defendants or the facts that gave rise to the Action, under the FLSA, CMWA, and/or any local, state, or federal wage statute, code, or ordinance. Nothing contained in this release shall operate to prevent Plaintiff from providing truthful information to a governmental agency. However, Plaintiff shall neither seek nor be entitled to recovery of any additional damages, monetary or otherwise, as a result of any charges or proceedings against any Defendant for any claims that are the subject matters of the waivers and releases set forth herein. Furthermore, this Agreement shall be deemed a full accord, satisfaction, and settlement of the claims settled, released, and waived herein, and shall constitute a sufficient basis for immediate dismissal of such claims by Plaintiff against Defendants except to the extent that Plaintiff seeks enforcement of the terms of this Agreement;

b. Defendants, on behalf of themselves, their parent corporations, subsidiaries, predecessors, successors, assigns, administrators, executors, officers, directors, shareholders, executors, current or former employees, representatives, insurers, related entities, attorneys, and any other agents, freely and unconditionally relinquish, waive, and release Plaintiff, including her spouse, heirs, executors,

administrators, assigns, representatives, attorneys, insurers, and other personal representatives or agents from any and all possible claims, complaints, liabilities, promises, obligations, demands, agreements, damages, debts, dues, sums of money, charges, and covenants, including but not limited to those related to or arising out of the Action and Plaintiff's employment with Defendants, for any and all types of injunctive relief, damages, attorneys' fees, costs, interest, and other expenses or moneys.

### 3. Stipulation of Dismissal

Following the execution of this Agreement by each of the Parties, the Parties' attorneys shall present this Agreement, along with the proposed Stipulation and Order of Dismissal with Prejudice (the "Order"), which is annexed as Exhibit A, to the Court for review and approval. Counsel for the Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement and entry of the Order.

### 4. Non-Admission of Liability

The Parties recognize and agree that Defendants, as a part of this Agreement, do not admit any violation of law or any liability to Plaintiff or to anyone else as a result of or arising out of the matters set forth in the Complaint and Amended Complaint in the Action or that could have been raised in the Action, Plaintiff's employment relationship with Defendants, Plaintiff's separation of employment with Defendants, and/or otherwise.

The parties recognize that Plaintiff, as a part of this agreement, does not admit to any violation of law or any liability to Defendants or anyone else as a result of or arising out of the matters set forth in the Answer and Counterclaims or Amended Answer and Counterclaims in the Action or that could have been raised in the Action, Plaintiff's employment relationship with Defendants, Plaintiff's separation of employment with Defendants, and/or otherwise.

### 5. No Future Employment

Plaintiff agrees that she will not knowingly seek employment with Defendants, their parent corporation, subsidiaries, affiliates, or agents at any time in the future. In response to any reference inquiries, Defendants will only provide dates of employment, positions held, and final salary, and no other information.

### 6. Attorneys' Fees and Costs

The Parties agree that, except as otherwise specifically set forth in this Agreement, each Party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Action.

### 7. Applicable Law; Forum Selection

This Agreement shall be governed by and construed in accordance with the laws of the State of Connecticut without reference to its conflicts or choice of laws principles. The Parties consent to the jurisdiction of the Court (*i.e.*, the United States District Court, District of Connecticut) for any litigation concerning or arising out of the terms of this

Agreement or the Parties' performance of its terms. The Parties agree to request that the Court retain jurisdiction of the Action for the sole purpose of enforcing the terms of this Agreement.

### 8. Execution in Counterparts; Facsimile signatures; Force and effect

This Agreement may be executed using facsimile signatures, and in counterparts, with the same effect as if the signatures were original and made on the same instrument. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement. Facsimile or electronic copies of this Agreement shall be deemed for all purposes to have the same force and effect as the original hereof.

### 9. Plaintiff's Representations

Plaintiff represents and warrants that she has entered into this Agreement of her own free will and accord, not subject to coercion or undue influence. Plaintiff further warrants that she is satisfied with the legal representation and services received from her attorneys, PLG, and believes that the Settlement Amount and its distribution, as set forth above, represents a fair and reasonable compromise of the disputes in the Action.

Other than the Action, which Plaintiff has agreed to dismiss, Plaintiff represents that she has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against any of the Defendants, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for the Parties to enter into this Agreement.

### 10. Entire Agreement

Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other Party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties concerning the subject matter set forth in this Agreement.

### 11. Non-Waiver/No Modification

This Agreement cannot be modified or changed except by a writing, signed by the Parties, with specific reference to this Agreement. No delay or omission by any Party in exercising any right(s) under this Agreement shall operate as a waiver of that or any other right. A waiver or consent given by a Party on one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion. No provision of this Agreement may be waived except by a written instrument signed by the Party who is claimed to have waived a provision.

### 12. Interpretation

a. <u>Severability</u>. In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining

provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the fullest extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement.

      b.    Captions and Headings. The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**13.   Notices**

Any provision of this Agreement that calls for notice to be sent to Plaintiff or Defendants shall be sent via email, facsimile, messenger, overnight mail, or first-class mail, and shall be directed as follows, or to any other address designated in writing:

| If to Plaintiff: | If to Defendants: |
|---|---|
| Louis Pechman, Esq.<br>Laura Rodriguez, Esq.<br>Pechman Law Group, PLLC<br>488 Madison Avenue, 17th Floor<br>New York, NY 10022<br>Fax: (212) 409-8763<br>pechman@pechmanlaw.com<br>rodriguez@pechmanlaw.com<br>cadavid@pechmanlaw.com | Jian Hang, Esq<br>Hang & Associates, PLLC<br>136-20 38th Avenue, Suite 10G<br>Flushing, New York 11354<br>Fax: (718) 353-6288<br>jhang@hanglaw.com |

and

William Madsen, Esq.
Madsen, Prestley & Parenteau LLC
402 Asylum Street
Hartford, CT 06103
Fax: (860) 246-1794
WMadsen@mppjustice.com

All notices, requests, consents, and other communications hereunder shall be deemed to have been received either (i) if by hand, at the time of the delivery thereof to the receiving Party at the address of such Party's counsel set forth above, (ii) if made by facsimile transmission and/or email, at the time that receipt thereof has been acknowledged by electronic confirmation or otherwise, (iii) if sent by overnight courier, on the next business day following the day such notice is delivered to the courier service, or (iv) if sent by first class, registered or certified mail, on the 5th business day following the day such mailing is made. No other methods of delivery are valid other than those expressly set forth above.

14. Plaintiff understands, represents, and agrees that she:

    a.    Has carefully read and fully understood all of the provisions of this Agreement;

    b.    Is, through this Agreement, releasing Defendants from any and all wage and hour claims, including the Claims, that Plaintiff may have against them relating to her employment with Defendants or her separation from employment with them;

    c.    Knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

    d.    Knowingly and voluntarily intends to be legally bound by this Agreement;

    e.    Was advised to consider the terms of this Agreement with counsel, and has consulted with counsel prior to executing this Agreement;

    f.    Is duly authorized and has full authority to execute this Agreement; and

    g.    Except as otherwise provided in this Agreement, Plaintiff agrees that the payments described in this Agreement constitute the total monetary consideration to which Plaintiff is entitled under this Agreement, that Plaintiff is not entitled to any further monetary consideration whatsoever from Defendants, that Plaintiff will assume payment of any costs, including any attorneys' fees, that Plaintiff has incurred in this matter, and that Plaintiff will not seek any further compensation or consideration for any other claimed damages, costs, or attorneys' fees in connection with the claims asserted in the Action and released herein.

15. Defendants understand, represent, and agree that they:

    a.    Have carefully read and fully understood all of the provisions of this Agreement;

    b.    Are, through this Agreement, releasing Plaintiff from any and all claims, including the counterclaims, that Defendants may have against her relating to her employment with Defendants or her separation from employment with them;

    c.    Knowingly and voluntarily agree to all of the terms set forth in this Agreement;

    d.    Knowingly and voluntarily intend to be legally bound by this Agreement;

    e.    Were advised to consider the terms of this Agreement with counsel, and have consulted with counsel prior to executing this Agreement; and

    f.    Are duly authorized and has full authority to execute this Agreement.

**Plaintiff**

*[signature]*
Mersy Sisa

Dated: 01-29-18

**Defendants**

Four Leaves Nails & Spa, Inc. d/b/a Four Leaves Nails & Spa

By: _____

Title: _____

Dated: _____

_____
Xin Xu Guo

Dated: _____

| Plaintiff | Defendants |
|---|---|
| | Four Leaves Nails & Spa, Inc. d/b/a Four Leaves Nails & Spa |

_____
Mersy Sisa

Dated:_____

By: _*Xin Xu Guo*_ (signature)

Title: **President**

Dated: 1/30/2018

_*Xin Xu Guo*_ (signature)
Xin Xu Guo

Dated: 1/30/2018

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------X
MERSY SISA,                                                       :
                                                                  :
                      Plaintiff,                   :
                                                                  :
             -against-                                          : 16 Civ. 1662 (DFM)
                                                                  :
FOUR LEAVES NAILS & SPA, INC. d/b/a FOUR                          :
LEAVES NAILS & SPA and XIN XU GUO,                                :
                                                                  :
                      Defendants.                  :
------------------------------------------------------------------X

### STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS,** on October 4, 2016, Plaintiff filed a Complaint, and on August 19, 2017, Plaintiff filed an Amended Complaint, both of which assert claims for, *inter alia*, failure to pay minimum and overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and/or the Connecticut Minimum Wage Act Conn. Gen. Stat. § 31-58 *et seq.* ("CMWA");

**WHEREAS,** on November 18, 2016, Defendants filed their Answer, Affirmative Defenses, and Counterclaims and on September 13, 2017, Defendants filed their Answer, Affirmative Defenses, and Counterclaims to the First Amended Complaint;

**WHEREAS,** the parties reached a settlement of this action and Plaintiff's claims and Defendant's Counterclaims through arms-length negotiations, and have entered into a Settlement Agreement and General Release (the "Agreement"), formally memorializing the parties' settlement;

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over a provision or provisions of the FLSA, the CMWA, and/or time worked; and

WHEREAS, this Court shall retain jurisdiction to enforce the terms of the Agreement;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the parties, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. A copy of the signatures on this Stipulation serve the same purposes as an original signature.

Dated: New York, New York
         January ____, 2018

MADSEN, PRESTLEY & PARENTEAU LLC
*Attorneys for Plaintiff*

By: _____
William Madsen, Esq.
402 Asylum Street
Hartford, Connecticut 06103
Tel.: (860) 246-2466

Laura Rodriguez, Esq.
Louis Pechman, Esq.
Gregory Slotnick, Esq.
488 Madison Avenue, 17th Floor
New York, NY 10022
Tel.: (212) 583-9500

HANG & ASSOCIATES LPPC
*Attorneys for Defendants*

By: _____
Jian Hang, Esq.
136-20 38th Avenue, Suite 10G
Flushing, New York 11354
Tel.: (718) 353-8588

SO ORDERED.

_____
Donna F. Martinez, U.S.M.J.

2

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------ X
------------
MERSY SISA,

                                                   16 Civ. 1662 (DFM)

                Plaintiff,

      -against-                              **AFFIDAVIT OF CONFESSION**
                                                   **OF JUDGMENT**

FOUR LEAVES NAILS & SPA, INC. d/b/a FOUR
LEAVES NAILS & SPA and XIN XU GUO,

                         Defendants.

------------------------------------------------------------ X
------------

STATE OF NEW YORK   )
                             ) ss:
COUNTY OF NEW YORK )

Xin Xu Guo, being duly sworn, deposes and says:

    1.    I, Xin Xu Guo, am an owner of Four Leaves Nails & Spa, Inc. d/b/a Four Leaves Nails & Spa ("Four Leaves").

    2.    I reside at _1124 E Main St, Stamford, CT. 06902_

    3.    I am duly authorized to make and sign this Affidavit of Confession of Judgment on my own behalf and on behalf of Four Leaves.

    4.    I, Xin Xu Guo, hereby confess judgment and authorize entry of judgment against myself and Four Leaves (collectively, "Defendants"), jointly and severally, in favor of Plaintiff Mersy Sisa for the sum of Twenty Thousand Dollars and Zero Cents ($20,000.00) plus a penalty of Ten Thousand Dollars and Zero Cents (10,000.00), for a total of Thirty

Thousand Dollars and Zero Cents ($30,000.00), less any settlement monies already paid, pursuant to the terms of the Settlement Agreement and Release (the "Settlement Agreement"), entered into and signed by Plaintiff and Defendants in the above-captioned proceeding, together with statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; reasonable attorneys' fees incurred in entering and enforcing the judgment accrued; and interest on the judgment accrued as of the date of Defendants' failure to cure their breach of the Settlement Agreement at the rate of 10% as provided in Conn. Gen. Stat. § 31-72.

5.  This Confession of Judgment is for a debt justly due to Plaintiff pursuant to the parties' Settlement Agreement.

6.  The Settlement Agreement arises out of the above-captioned action, which was settled pursuant to a written agreement approved by the United States District Court, District of Connecticut.

7.  I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement, Plaintiff shall have the unqualified right to cause this Confession of Judgment to be docketed and entered in this Court, or in any court of competent jurisdiction in the State of Connecticut, or with the any County Clerk's Office of competent jurisdiction, as a judgment against Defendants, jointly and severally, against all property, of any kind, in which I and/or Four Leaves, collectively or individually, have any ownership interest.

8. The original of this Affidavit of Confession of Judgment shall remain in the possession of Plaintiff's counsel, Pechman Law Group PLLC, and the original shall be destroyed upon completion of the payment obligations contained in the annexed Agreement and Release.

                                                                              Xin Xu Guo, on behalf of himself and on
                                        Four Leaves Nails & Spa, Inc. d/b/a Four Leaves
                                                              Nails & Spa

Sworn to and subscribed before me this
23 day of February 2018

NOTARY PUBLIC

WILLIAM M BROWN
NOTARY PUBLIC-STATE OF NEW YORK
NO. 02BR6336855
QUALIFIED IN NASSAU COUNTY
MY COMMISSION EXPIRES 02-08-2020

3